J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
LYNNE G. STOCKER (SBN 130333)
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendant
COUNTY OF SOLANO

**Exempt from Filing Fees**
**Govt. Code § 6103**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIESA RENE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SOLANO, FAIRFIELD FAMILY HEALTH SERVICES, SHARON L. COLLINS, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-01045-KJM-AC<br><br>**DEFENDANT COUNTY OF SOLANO'S ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL** |

COMES NOW defendant COUNTY OF SOLANO who answers the Complaint (ECF No. 1-1-2), as follows: Pursuant to Rule 8(b)(3), Federal Rules of Civil Procedure, said answering Defendant generally denies all of the allegations of the Complaint except for those allegations that are expressly admitted.

1. In response to paragraph 1, Defendant admits that Plaintiff is an African American female and that the medical treatment and conduct alleged occurred within the County of Solano. As to the remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

2. In response to paragraph 2, Defendant admits the allegations.

3. In response to paragraph 3, Defendant admits the allegations.

4. In response to paragraph 4, Defendant admits the allegations.

5. In response to paragraph 5, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

6. In response to paragraph 6, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

7. In response to paragraph 7, the paragraph states legal theories and conclusions to which no response is required.

8. In response to paragraph 8, the paragraph states legal theories and conclusions to which no response is required.

9. In response to paragraph 9, Defendant denies that jurisdiction and venue in the Superior Court of the State of California is appropriate and in fact has removed the action to the U.S. District Court for the Eastern District of California, Sacramento Division, as Plaintiff alleges a cause of action arising under the Affordable Care Act section 1557 and .Title Vi of the Civil Rights Act of 1964.

10. In response to paragraph 10, Defendant denies that Plaintiff has complied with the requirements of the California Tort Claims Act Section 810, *et seq*. Defendant further denies that Plaintiff has complied with California code of Civil Procedure section 364. Defendant admits that copies of the referenced documents are attached to the Complaint as Exhibits A and B. As to the remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

11. In response to paragraph 11, Defendant admits that Plaintiff was seen at the Fairfield Family Health Services on December 31, 2018. Defendant denies that Plaintiff complained of shortness of breath on that date. Defendant admits that Plaintiff was seen for evaluation of a cyst on that date. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

12. In response to paragraph 12, Defendant admits that Plaintiff was seen at the Fairfield Family Health Services on January 2, 2019. Defendant denies that Plaintiff complained of shortness of breath on that date. Defendant admits that Plaintiff complained of ear pain on that date. Defendant

2

admits that bilateral ear lavage was performed in clinic with good effect. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

13. In response to paragraph 13, Defendant admits that Plaintiff was seen at the Fairfield Family Health Services on January 4, 2019. Defendant denies that Plaintiff complained of shortness of breath on that date. Defendant admits that Plaintiff complained of ear pain on that date. Defendant denies that no medical treatment was administered. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

14. In response to paragraph 14, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

15. In response to paragraph 15, Defendant admits that Plaintiff was seen at the Fairfield Family Health Services on July 8, 2019. Defendant admits that Plaintiff complained of shortness of breath on that date. Defendant admits that Plaintiff was seen in follow-up for ear pain. Defendant denies that inappropriate and unnecessary testing was ordered. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

16. In response to paragraph 16, Defendant denies Plaintiff's interpretation of test results. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

17. In response to paragraph 17, Defendant denies Plaintiff's interpretation of test results. Defendant denies that Plaintiff underwent a pulmonary function test at Fairfield Family Health Services on July 30, 2019. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

18. In response to paragraph 18, Defendant denies Plaintiff's interpretation of test results. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

19. In response to paragraph 19, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

20. In response to paragraph 20, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

21. In response to paragraph 21, the paragraph states legal theories and conclusions to which no response is required.

22. In response to paragraph 22, Defendant admits the allegations.

23. In response to paragraph 23, Defendant admits the allegations.

24. In response to paragraph 24, this paragraph re-alleges the previous paragraphs and Defendant makes its response to these previous paragraphs as set forth above.

25. In response to paragraph 25, Defendant denies that it practices medicine. The remaining allegations state legal theories and conclusions to which no response is required.

26. In response to paragraph 26, Defendant denies that it practices medicine. The remaining allegations state legal theories and conclusions to which no response is required.

27. In response to paragraph 27, Defendant denies that it practices medicine. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

28. In response to paragraph 28, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

29. In response to paragraph 29, this paragraph re-alleges the previous paragraphs and Defendant makes its response to these previous paragraphs as set forth above.

30. In response to paragraph 30, Defendant denies that it practices medicine. The remaining allegations state legal theories and conclusions to which no response is required.

31. In response to paragraph 31, Defendant denies that it practices medicine. The remaining allegations state legal theories and conclusions to which no response is required.

32. In response to paragraph 32, Defendant admits that Plaintiff is entitled to seek to recover damages and denies that Plaintiff is entitled to recover any damages or attorneys' fees. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

/ /

In response to Plaintiff's prayer for judgment, Defendant denies that Plaintiff is entitled to recover any damages or attorneys' fees, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

By way of separate and distinct affirmative defenses to each and every cause of action of the complaint on file therein, this answering defendant alleges the following:

1. Defendant is entitled to immunity or qualified immunity because it committed no constitutional violations and a reasonable person in their position would have believed their conduct was lawful.

2. That any and all events and happenings in connection with the allegations contained in plaintiff's complaint, and the resulting injuries and damages, if any, referred to therein, were caused and contributed to by the negligence or fault of the plaintiff in that the plaintiff or her agent(s) were negligent or otherwise at fault in and about the matters and things set forth in the complaint.

3. That pursuant to Civil Code §§1431 *et seq.*, that if said defendant is held liable for damages to plaintiff or any other party, in any amount, that said defendant is only severally liable in an amount equal to its proportional share of liability for any non-economic damages allegedly suffered by plaintiff or any other party.

4. That said complaint, and the whole thereof, including each and every purported cause of action therein, fails to state facts sufficient to constitute a cause or causes of action as against this answering defendant.

5. That said complaint fails to set forth facts sufficient to constitute a claim for punitive damages as against this answering defendant. Defendant invokes the provisions of Code of Civil Procedure §425.13, and Civil Code §§3294 and 3295.

6. That said complaint, and each cause of action contained therein, is barred by the applicable statutes of limitation including, but not limited to, Code of Civil Procedure §§ 340.5, 364, and 474.

7. That Plaintiff failed to comply with the California Tort Claims Act, California Govt. Code §§ 900, et seq.

/ /

5

{00121157.DOC/}RMS 1236 — *Brown v. County of Solano, et al.*
DEFENDANT COUNTY OF SOLANO'S ANSWER TO COMPLAINT — 2:21-cv-01045-KJM-AC

8. This answering defendant elects to invoke the provisions of Civil Code §§ 3333.1 and 3333.2, Code of Civil Procedure § 667.7 and Business & Professions Code § 6146.

9. At all times mentioned in the complaint, plaintiff knew, or in the exercise of ordinary care was charged with knowledge, of the risks, potential complications and hazards of treatment or, alternatively, non-treatment, which allegedly caused the injuries or damages complained of and thereafter knowingly and willingly assumed those risks.

10. That Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, further, have aggravated her alleged injuries by her failure to use reasonable care. Therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made. Plaintiff's recovery, if any, should be reduced by the failure of the plaintiff to mitigate her damages

11. That Plaintiff's action herein is barred by the provisions of California Civil Code §1714.8 in that the injuries and damages complained of by the plaintiff herein, if any, were solely as the result of the natural course of a disease or condition and/or expected result of reasonable treatment rendered for the disease or condition by the defendant herein.

12. That the injury, damage or loss suffered by the plaintiff herein was legally caused by the negligent or willful failure of the plaintiff to follow the advice and instructions of the attending health care providers, including this answering defendant, and in otherwise failing to exercise ordinary care on her own behalf.

13. That Plaintiff consented to the matters of which she now complains. Defendant further invokes CACI 530A-553.

14. That any alleged violations of statutes have been corrected to the satisfaction of the Department of Health & Safety, barring any action under Health & Safety Code § 1430.

15. That at no time mentioned herein did plaintiff, her agents, servants, representatives, or predecessors in interest, rely on any promises, express or implied warranties, or representations which may have been made by this answering defendant in connection with the services which it is alleged to have performed.

/ /

16. That Plaintiff's claims are barred or are otherwise without basis for failure to comply with Code of Civil Procedure § 1295.

17. Defendant incorporates by reference, as though set forth fully herein, each and every affirmative defense alleged, or to be alleged, by each co-defendant in this action.

18. Defendant invokes the doctrines of laches, waiver, estoppel, and unclean hands.

19. Plaintiff failed to exhaust her administrative remedies.

20. Defendant invokes any applicable arbitration clause.

21. Defendant invokes all applicable Good Samaritan statutes including but not limited to Business & Professions Code §§ 2395-2398 and 2727.5, and Civil Code § 1714.2.

22. Defendant invokes the provisions of Health & Safety Code § 1317 and 1799.100-1799.111.

23. Defendant invokes the provisions of Welfare & Institutions Code §§ 5000 *et seq.*

24. Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in plaintiff's complaint. Accordingly, defendant expressly reserves the right to assert additional defenses as applicable.

25. That Defendant objects to the failure of the plaintiff to allege any specific California statute as part of the Second Cause of Action. There is a reference to the "California Civil Code." However, the failure on the part of the plaintiff to specify the applicable statutes which have allegedly been violated prejudices the defendant because it requires the defendant to guess and speculate as to what is being alleged. Without waiving any objection, defendant invokes the provisions of Civil Code §§ 51, 52, 52.1, and 52.2. There is also a reference to "California Health and Wellness." There are no statutes in California with the title of "California Health and Wellness."

26. Defendant objects to the failure of the plaintiff to correctly allege the title of "The Affordable Care Act Section 1557." The correct citation is 42 U.S.C.A. Section 18116. Defendant invokes the provisions of Section 18116 and all substantive and procedural statutes related thereto.

27. Defendant invokes the provisions of Government Code Section 11135.

28. Defendant objects to the failure of the plaintiff to allege any specific statute within that which plaintiff describes as "Title VI of the Civil Rights Act of 1964," as part of the Second Cause of

Action. The failure on the part of the plaintiff to specify the applicable statutes which have allegedly been violated prejudices the defendant because it requires the defendant to guess and speculate as to what is being alleged. Without waiving any objection, defendant invokes Section 2000d-1 through 2000d-7, and all substantive and procedural statutes related thereto.

29. The Complaint, and each cause of action therein, is barred by California Government Code Sections 910 through 911.2, inclusive, 945.6, and other applicable statutes.

30. That Plaintiff failed to provide notice of her intention to file this lawsuit as required by Code of Civil Procedure §364.

31. That Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in plaintiff's complaint. Accordingly, defendant expressly reserves the right to assert additional defenses as applicable.

WHEREFORE, said answering defendant prays judgment as follows:

1. That plaintiff take nothing by way of her unverified complaint;
2. That this action against said answering defendant be dismissed;
3. For attorneys' fees and the costs of suit incurred herein; and
4. For such other relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, this answering Defendant hereby demands a trial by jury.

Dated: June 21, 2021               **ANDRADA & ASSOCIATES**

By  */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant
COUNTY OF SOLANO

8

{00121157.DOC/}RMS 1236                                                                 *Brown v. County of Solano, et al.*
DEFENDANT COUNTY OF SOLANO'S ANSWER TO COMPLAINT                        2:21-cv-01045-KJM-AC