UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eliesa Rene Brown, | No. 2:21-cv-01045-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| County of Solano, et. al., | |
| Defendants. | |

Defendant Fairfield Family Health Services moves for judgment on the pleadings. ECF No. 11. Plaintiff Eliesa Brown does not oppose the motion. For the reasons set forth below, **the motion is granted** and **plaintiff's claims against Fairfield Family Health Services are dismissed without leave to amend**.

**I.   BACKGROUND**

Ms. Brown's action is for medical malpractice. *See generally* Compl., ECF No. 1. Generally, Ms. Brown alleges a nurse practitioner breached the standard of care by failing to treat her chronic pulmonary obstructive disease. *Id.* ¶¶ 22-27. Ms. Brown also alleges the County of Solano "owned, operated, controlled, managed, funded, and supervised the Fairfield Family Health Services, a family healthcare clinic facility . . . where the plaintiff received all of the healthcare treatment at issue in this Complaint." *Id.* ¶ 2. Fairfield Family Health Services (FHS) argues it is not a separate legal entity, but rather part of the Solano County Department of Health

1

and Social Services, and thus does not have the legal capacity to be sued. Mot. at 2. For this reason, FHS argues it is entitled to judgment on the pleadings. *Id.*

## II.   LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party." *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1550 (9th Cir.1990). While a court should not consider materials outside of the pleadings at the motion to dismiss stage, a court "may judicially notice a fact that this not subject to reasonable dispute . . ." Fed. R. Evid. 201(b).

## III.   ANALYSIS

Under Federal Rule of Civil Procedure 17(b), the law of California determines FHS's capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(3)[1]; *see Shaw v. State of California*

---

[1] Specifically, Rule 17(b) provides:

"(b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:

(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;

(2) for a corporation, by the law under which it was organized; and

(3) for all other parties, by the law of the state where the court is located, except that:

(A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and

(B) 28 U.S.C. §§754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court."

*Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986).  Section 945 of the California Government Code provides that "[a] public entity may sue and be sued," while section 811.2 defines a "public entity" to include "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or political corporation in the State."  Cal. Gov't Code §§ 945, 811.2.  "Public Entity" is also broadly defined in section 200 of the California Evidence Code as including "a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic."  Cal. Evid. Code § 200.

Courts in California have construed the definition of public entity broadly, concluding, for example, that municipal courts are public entities because the definition "is intended to include every kind of independent political or governmental entity in the State."  *Rhyne v. Mun. Ct.*, 113 Cal. App. 3d 807, 825 (1980) (quoting Law Review Commission Comment, West's Anno. Gov. Code, s 811.2, p. 160).  Applying California law, courts in the Ninth Circuit have also held that police departments, sheriff's departments, and district attorney's offices are all public entities capable of being sued under Rule 17(b).  *See Nazir v. County of Los Angeles*, No. CV 10-06546 SVW (AGRx), 2011 WL 819081, at *5 (C.D. Cal. March 2, 2011) (citing cases).

Notwithstanding these broad definitions, a named defendant is not a proper party if the defendant is simply "part of" a public entity, and where any claim against defendant would need to be alleged against that public entity.  *See M.B. by & through Bilokonsky v. United States*, No. 19-CV-1054-CAB-AHG, 2019 WL 6329068, at *2 (S.D. Cal. Nov. 26, 2019) (elementary school within school district is not a public entity under California Government Code sections 811.2 and 900.4).  Likewise, as defendants note, at least one treatise has explicitly observed that "[s]ubsidiaries are not independently liable for their torts," and "[h]ealth care providers, such as hospitals and clinics, may be subsidiaries of other public entities (e.g. counties) or they may be independent hospital districts . . . and thus public entities . . .."  Cal. Gov't Tort Liability Practice §3.4 (4th ed. 2021).  Moreover, as courts in this district have held observed, where plaintiffs "set forth no allegations supporting an inference that [two named defendants] are different legal entities or that they represent distinct sources of funding for potential recovery," the court should

dismiss one party "as a redundant and unnecessary defendant [on both state law and federal claims] . . .." *Mullins v. Cty. of Fresno*, No. 121CV00405AWISAB, 2021 WL 5304015, at *3 (E.D. Cal. Nov. 15, 2021) (citing *Est. of Jackson v. City of Modesto*, 2021 WL 4819604, at *22 & n.18 (E.D. Cal. Oct. 14, 2021)).

Here, Ms. Brown does not include any allegations supporting an inference that FHS is a distinct legal entity from the County, or that FHS is an independent hospital district. *See generally* Compl. Indeed, plaintiff does not oppose the present motion or offer any explanation of why she needs to pursue the same claim against both entities. In contrast, defendant argues FHS is not a separate legal entity, but a subsidiary of the County of Solano. Mot. at 2. Defendant also provides documents from the County of Solano's website indicating FHS is a subsidiary of the County's Department of Health and Social Services. Andrada Decl. Ex. 1-12, ECF No. 11-2.[2] The court thus concludes FHS does not have the capacity to be sued in federal court under Rule 17(b). Because there is no reason apparent to the court to allow amendment, and because amendment would be futile, the court does not give leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**IV.   CONCLUSION**

For this reason, the court **grants defendant's motion for judgment on the pleadings** and **dismisses plaintiff's claims against Fairfield Family Health Services without leave to amend**.

This order resolves ECF No. 11.

IT IS SO ORDERED.

DATED: February 17, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendant requests the court take judicial notice of these documents. *See* Req. for Jud. Not., ECF No. 11-2. The court grants this request.