1  Ira Leshin, (State Bar No. 139768)
   LAW OFFICES OF IRA LESHIN
2  4040 Civic Center Drive, Suite 200
   San Rafael, CA 94903
3  Telephone: (415) 399-1000
4  Email: ira@iraleshinlaw.com

5  Attorney for Plaintiff
6  ELIESA RENE BROWN

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                     SACRAMENTO DIVISION

11

12 | ELIESA RENE BROWN,           | Case No.: 2:21-cv-01045-KJM-AC

13 |            Plaintiff,         | **Assigned to Hon. Kimberly J. Mueller**

14 | vs.                          | NOTICE OF MOTION AND MOTION TO
15 |                              | FOR LEAVE TO FILE FIRST AMENDED
   | COUNTY OF SOLANO, FAIRFIELD   | COMPLAINT; DECLARATION OF IRA
16 | FAMILY HEALTH SERVICES, SHARON L. | LESHIN
   | COLLINS and DOES 1 through 50, inclusive,
17

18 |            Defendants.        | DATE: JUNE 17, 2022
   |                              | TIME: 10:00 a.m.
19 |                              | COURTROOM: 3, 15th Floor
   |                              | 501 I Street, Sacramento, CA 95814
20 |                              | HON. KIMBERLY J. MUELLER

21

22 **TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

23       PLEASE TAKE NOTICE that the hearing on Plaintiff Eliesa Rene Brown's ("Plaintiff")

24 Motion for Leave to File First Amended Complaint, will come on regularly for hearing on June

25 17, 2022, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 3 of the

26

27 above-mentioned court located at 501 I Street, Fifteenth Floor, Sacramento, CA 95814.

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
                                    1.

Plaintiff will and hereby does move this Court for leave to file its proposed First Amended Complaint for Damages ("FAC") pursuant to Fed. R. Civ. P. 15(a). The FAC is marked as **Attachment A** to this filing. The FAC differs from the original Complaint as follows:

1. It adds "Cynthia Tan," "Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants," as additional defendants in place of DOES 1, 2, 3, and 4.

It does not otherwise substantively alter the allegations with respect to the original defendants County of Solano, Fairfield Family Health Services, and Sharon L. Collins. This is Plaintiff's first request for leave to amend the Complaint. The defendants do not oppose this motion but have not stipulated to it, necessitating this filing. As set forth below, the FAC names additional parties who misread Plaintiff's chest x-rays in 2015, 2016, 2017 and again in 2019 leading to misdiagnosis and a lack of timely treatment. This motion is timely. Filing the FAC will not cause any undue delay because this case is in an early stage. Moreover, the proposed amendments will not unduly prejudice named defendants or proposed defendants "Cynthia Tan," "Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants."

The Motion for Leave to File First Amended Complaint is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Ira Leshin, all judicially noticed matters, and all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral and documentary evidence as may be presented at the hearing on this matter.

/ / / / / /

/ / / / / /

I. **STATEMENT OF THE RELEVANT FACTS**

The Complaint was filed on March 15, 2021 ("Complaint"), in the Solano County Superior Court by Plaintiff Eliesa Rene Brown ("Plaintiff") seeking damages against Defendants County of Solano, Fairfield Family Health Services, and Sharon L. Collins based upon professional medical malpractice and racial discrimination.   Defendants filed a Notice of Removal on June 14, 2021. (Dkt. 1).  The Initial Scheduling Conference was held (Dkt. 9) and the Standing Scheduling Order was issued on October 28, 2021.  (Dkt. 10).  However, the Scheduling Order did not set a deadline for filing a motion to amend the complaint.  The deadline for initial disclosures was set for November 12, 2021. (Dkts. 9 & 10).  Some written discovery (interrogatories and requests for documents) have now commenced between Defendants County of Solano and Plaintiff Elisa Brown.

Plaintiff seeks leave to file a first amended complaint ("FAC") to name as additional defendants.  Specifically, Plaintiff seeks to name as defendants her radiologists Cynthia Tan, Christine L. Vetter, and Robinson Yu and their employer(s) Solano Diagnostics Imaging formerly known as Bay Imaging Consultants in place of DOES 1, 2, 3 and 4.  Plaintiff only discovered in early March 2022, that these radiologists misread Plaintiff's chest x-rays in 2015, 2016, 2017 and again in 2019, leading to a misdiagnosis and a lack of timely treatment.  Had Plaintiff been properly diagnosed in 2015, 2016, 2017 and 2019 Plaintiff could have received proper treatment years earlier for her chronic obstructive pulmonary disease and emphysema.  Plaintiff did not discover the name of the employer for these radiologists until early May 2022.

/ / / / / / /

/ / / / / / /

## II.    LEGAL ARGUMENT

### A. Legal Authority for a Motion for Leave to Amend Complaint

Under Federal Rule of Civil Procedure, Rule 15, a party may move to amend its pleading, which provides a liberal amendment policy. Fed. R. Civ. Proc. 15 ("Rule 15"). Under Rule 15(a), a district court has "broad discretion" in deciding whether to grant or deny a motion to amend a pleading. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In exercising its discretion, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 798, 712 (9th Cir. 2001); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). A motion to amend a pleading should only be denied if the amendment "would unduly prolong or complicate the case." *Mayle v. Felix*, 545 U.S. 644, 663 (2005); see *Ellzey v. United States*, 324 F.3d 512, 526 (7th Cir. 2003).

### B.    The Proposed First Amended Complaint is Filed in Good Faith

Plaintiff brings this motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. There are no facts in the record indicating that this motion has been filed in bad faith. *Cf. Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir.

1987) (upholding a bad faith finding when plaintiff moved to amend in order to add a defendant to destroy diversity jurisdiction)

### C.    The Motion is Timely and Will Not Cause Undue Delay

This motion is timely filed and will not cause undue delay. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the grounds of delay alone, even five years after the filing of a complaint. *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Here, Plaintiff is filing this motion in the early stages of the litigation before any depositions have commenced in this case. This reasonably prompt filing negates any suggestion of undue delay and facilitates efficient discovery and proceedings in this case. *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 187 ("this suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay").

### D.    The Proposed FAC Will Not Prejudice Defendants

The proposed FAC will not prejudice defendants. Such prejudice occurs when newly added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984). Avoiding such "unjust delay" is important in deciding motions for leave to amend a pleading. However, timely notice, whether formal or informal, is sufficient to allay such concerns.

### E.    Filing the Proposed FAC Is Not Futile

To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1293 (9th Cir.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

1983) (upholding denial of leave to amend when amendment to complaint "could not affect the outcome of th[e] lawsuit"); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622-23 (9th Cir. 2004). Otherwise, a plaintiff "'ought to be afforded an opportunity to test [its] claim on the merits.'"

The addition of "Cynthia Tan," "Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants," as additional defendants in place of DOES 1, 2, 3, and 4, if the allegations against them are taken as true, state a legally sufficient claim for professional medical malpractice and are therefore not futile.

### F.    The Scheduling Order Did Not Set a Deadline for Amending Pleadings

After the court has issued a scheduling order pursuant to Fed. R. Civ. Proc. 16 ("Rule 16"), then Rule 16 standards control the timetable for amending pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Accordingly, when a scheduling order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding the amendment of pleadings pursuant to Rule 15 does not apply.

The October 28, 2021, Scheduling Order did not set a deadline for amending pleadings. (See Dkts. 9 & 10).  However, even if there was such a deadline, Plaintiff has stated good cause to seek permission to file the First Amended Complaint to name the additional defendants because she only discovered in early March 2022, that her radiologists, Cynthis Tan, Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants had misread her chest x-rays in 2015, 2016, 2017 and 2019.  With a proper diagnosis in 2015, 2016, 2017 and 2019, Plaintiff could have received the property treatment years earlier for her chronic obstructive pulmonary disease and emphysema.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave to File the First Amended Complaint.

Dated:  May 18, 2022                                LAW OFFICES OF IRA LESHIN

/s/ Ira Leshin

By:    _____
IRA LESHIN
Attorneys for Plaintiff
ELIESA RENE BROWN

## **DECLARATION**

I, Ira Leshin, declare and state as follows:

1. I am attorney of record for Plaintiff Eliesa Rene Brown ("Plaintiff"). I submit this declaration in support of Plaintiff's Motion for Leave to File First Amended Complaint ("FAC"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would testify to them.

2. Plaintiff seeks leave to file the FAC to name as additional defendants. Specifically, Plaintiff seeks to name as defendants her radiologists, "Cynthia Tan," "Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants in place of DOES 1, 2, 3, and 4. Plaintiff only discovered in March 2022, that these radiologists misread Plaintiff's chest x-rays in 2015, 2016, 2017, and 2019 leading to a misdiagnosis and a lack of timely treatment. Had Plaintiff been properly diagnosed in 2015, 2016, 2017 and 2019 Plaintiff could have received proper treatment years earlier for her chronic obstructive pulmonary disease and emphysema. Plaintiff did not discover the correct name of the employer for these radiologists until early May 2022.

3. Attached as **Exhibit A** is a true and correct copy of the Proposed First Amended Complaint adding "Cynthia Tan," "Christine L. Vetter," "Robinson Yu" and "Solano Diagnostics Imaging formerly known as Bay Imaging Consultants in place of DOES 1, 2, 3, and 4. If the allegations against each of them are taken as true, the proposed FAC would state a legally sufficient claim for professional medical malpractice.

4. This is Plaintiff's first request for leave to amend the Complaint. The currently named defendants have indicated through counsel that they do not oppose this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 19 day of May 2022 in San Rafael, California.

By:    /s/ Ira Leshin

_____
IRA LESHIN

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Ira Leshin

_____
IRA LESHIN

# Exhibit A

**PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES**

Ira Leshin, SBN: 139768
LAW OFFICES OF IRA LESHIN
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone: (415) 399-1000
Email: ira@iraleshinlaw.com

Attorney for Plaintiff
Eliesa Rene Brown

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ELIESA RENE BROWN, | Case No.: 2:21-cv-01045-KJM-AC |
| Plaintiff, | **Assigned to Hon. Kimberly J. Mueller** |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| COUNTY OF SOLANO, SHARON L. COLLINS, CYNTHIA TAN, CHRISTINE L. VETTER, ROBINSON YU, SOLANO DIAGNOSTIC IMAGING, FORMERLY KNOWN AS, BAY IMAGING CONSULTANTS and DOES 1 through 50, inclusive, | **1. PROFESSIONAL MEDICAL MALPRACTICE;** <br> **2. RACIAL DISCRIMINATION** |
| Defendants | DEMAND FOR JURY TRIAL |

COMES NOW, PLAINTIFF, ELIESA RENE BROWN, who is informed, believes and alleges as follows:

GENERAL ALLEGATIONS - PARTIES

1.     Plaintiff is, and at all times herein mentioned was, an African American female individual residing in the County of Solano and is informed and believes that all the medical treatment and conduct at issue and described herein were entered into, directly and/or indirectly, within the County of Solano.  Plaintiff resides in the County of Solano.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant, the County of Solano is a governmental entity, organized and existing under the laws of the State of California, in the County of Solano. Plaintiff is further informed and believes that Defendant, the County of Solano owned, operated, controlled, managed, funded and supervised, the Fairfield Family Health Services, a family healthcare clinic facility located in Fairfield California, where the Plaintiff received all of the healthcare treatment at issue in this complaint.

3.      Plaintiff is informed and believes and based thereon alleges that Fairfield Family Health Services is a family healthcare clinic facility owned, managed, controlled and operated by the Defendant County of Solano, located in Fairfield California, where the Plaintiff received all of the healthcare treatment at issue in this medical malpractice/ discrimination complaint.

4.      Defendant, Sharon L. Collins, an individual, was and is a nurse practitioner, who met with, examined, cared for and treated the plaintiff at all times relevant that are at issue in this medical malpractice/ racial discrimination complaint. Defendant Collins practiced medicine and treated the plaintiff at the Fairfield Family Health Services clinic located in the County of Solano, Fairfield California.

5.      Plaintiff is informed and believes and based thereon alleges that Defendants Cynthia Tan, Christine L. Vetter, and Robinson Yu (radiologist defendants) are radiologists who interpreted Plaintiff's chest x-rays in 2015, 2016, 2017 and 2019. These radiologist defendants worked for Defendant Bay Imaging Consultants, who was bought out and taken over by Solano Diagnostic Imaging (hereinafter all collectively referred to as the "Radiologist Defendants"). Plaintiff only discovered in March 2022, that these radiologists misread Plaintiff's chest x-rays in 2015, 2016, 2017, and 2019 leading to a misdiagnosis and a lack of timely treatment for plaintiff. Had Plaintiff been properly diagnosed in 2015, 2016, 2017 and 2019 Plaintiff could have

received proper treatment years earlier for her chronic obstructive pulmonary disease and emphysema.

6.    Defendants, Doe One through Doe 50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants.

7.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants DOES 1 through DOE 50, inclusive, were agents, servants, employees, franchisees, joint venturers, partners, and/or co-conspirators of their codefendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as agents, servants, employees, franchisees, joint venturers, partners, and/or co-conspirators and with the permission and consent of their codefendants.

8.    Defendants and each of them owed fiduciary duties to Plaintiff; owed the utmost loyalty and good faith toward Plaintiff; and owed duties to Plaintiff to comply with all provisions of the law; to conduct business in a safe manner so as not to cause an unreasonable risk of harm to Plaintiff; to be honest and make truthful statements to Plaintiff; to disclose to Plaintiff when a clear fraud was being committed upon the Plaintiff; to disclose to Plaintiff all material facts pertaining to the subject medical treatment and care provided to the plaintiff, to report all matters to Plaintiff which could affect her interests and health and which were readily discoverable from the medical records under the defendants custody and control; to maintain books and records regarding the plaintiff's medical treatment; to disclose Plaintiff's records to her at her request; to

exercise professional care as a healthcare provider; and to exercise reasonable skill and ordinary as a professional healthcare provider; and to order the appropriate medical tests and make the appropriate medical referrals to other healthcare professionals based upon the circumstances at the time of treatment of the plaintiff.

9.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each Defendant was the alter ego, general agent, servant or employee of the other Defendants and each of them, and in committing the acts or omissions herein mentioned was acting within the course and scope of said agency, servitude and employment.  At all times mentioned herein, each Defendant was charged with and bound by the knowledge and information received by and on behalf of each of the other Defendants.  All the acts of the Defendants, and each of them, were ratified and adopted by the acts of the other Defendants and each of them.  Furthermore, at all times mentioned herein, each of the agents and employees of Defendants had the express, apparent and/or implied authority to speak for, act and legally bind the Defendants when making any of the promises and/or agreements or performing all the actions as alleged herein.

10.    The relief sought in this complaint is within the jurisdiction of the Superior Court – Unlimited Jurisdiction of the state of California because Plaintiff is seeking damages in excess of $25,000.00.  Venue is proper because all of the acts complained of occurred in the County of Solano, State of California.

11.    Plaintiff has complied with the requirements of the Government Claims Act Section 810 et seq. and the California Code of Civil Procedure Section 364.  On August 17, 2020, plaintiff filed an injury claim with the County of Solano. A copy of that written claim is attached hereto as Exhibit A and incorporated herein by reference.  Defendant Solano County rejected said claim in September 2020 (see exhibit B attached hereto).  On or about March 11,

1    and 12, 2021, plaintiff served on the defendants Notices of Intent to Commence Action pursuant

2    to California Civil Code of Procedure Section 364.

3

4                          FACTUAL ALLEGATIONS

5        13.    In 2015, 2016, 2017 and again in 2019, the Radiologist Defendants, Cynthia Tan,

6    Christine L. Vetter, Robinson Yu, working for Bay Imaging Consultants who have now merged

7    with and been bought out by Solano Diagnostics Imaging, misread plaintiff's chest x-rays and a

8    CT scan resulting in a lack of timely treatment for the plaintiff for her chronic obstructive

9    pulmonary disease and emphysema. Plaintiff only discovered in March 2022, that these

10   radiologists misread Plaintiff's chest x-rays in 2015, 2016, 2017, and 2019 leading to a

11   misdiagnosis and a lack of treatment. Had Plaintiff been properly diagnosed in 2015, 2016, 2017

12   and 2019 Plaintiff could have received proper treatment years earlier for her chronic obstructive

13   pulmonary disease and emphysema.  Plaintiff did not discover the correct name of the employer

14   for these radiologists until early May 2022.

15       14.    On or about December 31, 2018, at the Fairfield Family Health Services clinic in

16   Fairfield California, County of Solano, plaintiff was seen by defendants for complaints of

17   shortness of breath and a follow-up visit and re-evaluation for a cyst.  Defendants provided no

18   treatment or evaluation for the shortness of breath complaint telling plaintiff there was not

19   enough time to evaluate said complaint and instead told her to come back on another date.

20       15.    On or about January 2, 2019, plaintiff returned to the Defendants health care

21   clinic in Fairfield for complaints of shortness of breath and also ear pain.  Plaintiff's ear was

22   "flushed" without relief and again nothing was done for plaintiff's shortness of breath complaint

because "there was not enough time" to address this complaint.  Plaintiff was instructed by Defendant Collins to reschedule (again) for the shortness of breath complaint.

16.    On or about January 4, 2019, plaintiff returned to Defendant's heath clinic for continued complaints of shortness of breath and ear pain with suspected blockage.  Defendant Collins saw and examined plaintiff but did not administer any medical treatment or provide any referrals of the plaintiff to a specialist.

17.    In a letter dated January 10, 2019, Defendant Collins stated that she would not be referring plaintiff to an ENT specialist because she did not see an issue with the plaintiff's ear. Defendant Collins also failed to provide any care or treatment for plaintiff's complaints of shortness of breath and Defendant Collins refused to refer plaintiff for a CT exam, chest x-ray or to a pulmonologist.  The shortness of breath complaint was completely ignored by the defendants.

18.    Six months later, on or about July 8, 2019, plaintiff was seen at the defendant's healthcare clinic in Fairfield California for shortness of breath and a follow-up for her ear pain. Blood tests were ordered which included inappropriate and unnecessary testing for veneral disease and drug testing without the plaintiff's knowledge or consent.  Defendant Collins offered no treatment and no referral of the plaintiff to a pulmonologist or other appropriate specialist. Although requested by plaintiff, no CT exam was ordered by defendant to determine the etiology of the plaintiff's ongoing complaints of shortness of breath.

19.    There was no follow-up by defendants to contact the plaintiff to advise her of the findings in the lab tests, which unknown to plaintiff showed that plaintiff had Tachycardia and that there was not enough oxygen getting to the plaintiff's organs.  Plaintiff would not find out

about these results until March 2020 after she ordered and received copies of her medical records.

20. On or about July 30, 2019, with shortness of breath complaints, plaintiff underwent a pulmonary function test at the Defendants' Family Health Services clinic in Fairfield. The test helps determine how much air can be inhaled and exhaled by the plaintiff and whether or not there is an indication of a lung defect. The results of the test were never explained or reviewed with the plaintiff by the defendants. Plaintiff also exhibited a pulse oxygen reading of 83% on this date, but none of the defendants brought that fact to the plaintiff's attention, nor did they explain the significance of this reading. No treatment was ordered. No follow-up visit was recommended or scheduled by the defendants. Plaintiff was not instructed to come back to the clinic for further evaluation or treatment.

21. On September 20, 2019, plaintiff was advised to return for a second pulmonary function test, which was performed on September 24, 2019. Unknown to the plaintiff at that time, the second pulmonary function test showed an obstruction and severe restrictive lung defect suggestive of emphysema and a severe decrease in capacity of the lungs. Defendants never met with plaintiff or explained the results of either the first or second pulmonary function tests. At the time, plaintiff believed that she was ok with nothing seriously wrong.

22. On October 13, 2019, plaintiff was rushed by ambulance to the Vacavalley Northbay Health Care hospital where she was later admitted with a diagnosis of acute exasperation COPD with asthma and chronic respiratory failure with hypoxia.

23. In February 2020, plaintiff requested copies of her medical records from the Defendant Family Health Services clinic in Fairfield California. Upon receiving and reviewing her medical records in March 2020, plaintiff learned for the first time that previous diagnostic

testing showed lung defects that was never explained or reviewed with her by any of the defendants, including nurse practitioner, Sharon L. Collins.

24.    Defendants' negligence care and treatment and racially motivated discrimination of the plaintiff continued throughout 2020 with repeated delays in medication refills and lacking authorizations for much needed treatment.  Said wrongful conduct continued by the defendants July 17, 2020 when plaintiff received a telephone call from defendant Collin's supervisor, Anna Mae Gonzalez Smith, who acknowledged the wrongful conduct of Defendant Sharon Collins, apologized for the past wrongs and reassigned the plaintiff to a new primary care nurse practitioner, Hannah Crowl.  Thereafter, the negligent care and racially motivated discrimination of the plaintiff by defendant Collins ended.

25.    On or about August 17, 2020, plaintiff filed an injury claim with the County of Solano, a copy of which is attached hereto as **Exhibit A** an incorporated by reference.

26.    On or about September 21, 2020, the County of Solano rejected plaintiff's injury claim.  A copy of the Defendant's rejection letter is attached hereto and incorporated herein as **Exhibit B.**

## FIRST CAUSE OF ACTION

### (MEDICAL "PROFESSIONAL" MALPRACTICE)
(As to all Defendants)

27.    Plaintiff hereby incorporates by reference, paragraphs 1 through 26 set out above as if set forth herein in full.

28.    Defendants, and each of them, were negligent in failing to exercise that degree of care and skill, or to possess the degree of knowledge, ordinarily exercised or possessed by other physicians or surgeons in Solano County, State of California, or similar localities.  Specifically, defendants and each of them, were negligent in failing to properly and thoroughly exam, treat,

refer, test, and care for the plaintiff concerning her shortness of breath complaint for almost a year 2019-2020.  The Radiologist Defendants failed to properly interpret chest x-rays and CT scans for 2015, 2016, 2017 and 2019, resulting in the delayed and untimely treatment for the Plaintiff's chronic pulmonary disease and emphysema. Defendants also failed to provide plaintiff the proper follow-up care for plaintiff following her two pulmonary function tests and failed to refer her for a CT scan or further evaluation by a specialist, including but not limited to a pulmonologist.  Defendants kept secret from plaintiff the fact that her lungs were severely damaged and suggestive of emphysema.  It was not until March 2020 when plaintiff finally learned the truth about her condition and the fact that her prior test results were kept secret from her.

29.   As a proximate result of the defendants' negligent acts, omissions, and other conduct described herein, plaintiff was injured in her health and activity, suffered great mental anguish and physical pain, was weakened in body, was physically deformed, scarred and was obliged to, did, and continues to spend sums of money in endeavoring to be cured of the malady which was caused, prolonged, and/or increased by the defendants' unskilled and improper conduct, to plaintiff's special damage in a sum to be determined at trial.

30.   As a direct and proximate result of the negligence of the defendants and each of them, plaintiff has to undergo subsequent and further treatment of her COPD and Emphysema condition, as well as mental health evaluation due to help treat her depression following the sever and uncurable medical condition of her body.  The prolonged delay in treatment due to Defendants' egregious and negligent misconduct has further injured the plaintiff and shortened her expected life.  As a further proximate result of said defendants' negligence, and their failure to properly administer medical treatment in a safe, skilled and timely manner, plaintiff has

suffered and continues to suffer great physical, mental and severe emotional pain and suffering, including, but not limited to, severe shortness of breath and a great reduction in her quality of life. As a result of such injuries, plaintiff has suffered general and special damages in an amount to be established according to proof at the time of trial.

31.     As a further direct and proximate result of the negligence of defendants, and each of them, plaintiff has missed time from work and suffered lost income and loss of earning capacity. Her earning capacity has been greatly impaired, both in the present and in the future, in an amount to be established, according to proof, at the time of trial.

WHEREFORE, plaintiff prays judgment as hereinafter set forth below.

## SECOND CAUSE OF ACTION
### (FOR RACIAL DISCRIMINATION UNDER THE AFFORDABLE CARE ACT SECTION §1557; TITLE VI OF THE CIVIL RIGHTS ACT 1964; AND CALIFORNIA CIVIL CODE §S AND CALIFORNIA HEALTH AND WELLNESS)
### (Against the County of Solano and Sharon L. Collins Defendants)

32.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 31, inclusive, of the First Amended Complaint, as though set forth in full herein.

33.     Defendants and each of them failed to treat and care for the plaintiff below the applicable standard of care for the community as stated herein above.

34.     Defendants and each of the treated the plaintiff wrongfully and improperly based upon her race as an African American patient, ordering improper testing of plaintiff for drugs and venereal disease, which was not approved or consented to by the plaintiff. Defendants and each of them also failed to provide the plaintiff with timely medical care, delaying her treatment because she was an African American (Black) patient. Defendants treated plaintiff differently because she was not a white, Caucasian patient in violation of the Affordable Care Act and Title VI of the Civil Rights Act of 1964 and the related California Acts providing the same protections to minorities.

35.      As a direct, proximate and legal result of the acts and omissions by the defendants and each of them alleged herein, plaintiff incurred damages for pain and suffering, emotional distress, medical expenses, loss of income, loss of life expectancy, and is entitled to recover these damages pursuant to the racially motivated delays in treatment.  Plaintiff is also entitled to recover punitive damages and attorneys' fees against defendants for their malicious and intentional conduct towards the plaintiff.

**WHEREFORE, plaintiff prays for judgment as hereinafter set forth:**

(1)      That Plaintiff be awarded ALL compensatory in an amount to be determined;

(2)      That Plaintiff be awarded ALL general damages in an amount to be determined

(2)      That Plaintiff be awarded special damages in an amount to be determined;

(3)      That Plaintiff be awarded punitive damages in an amount sufficient to punish defendants and to deter them from future similar conduct;

(4)      That Plaintiff be awarded reasonable attorneys' fees;

(5)      That Plaintiff be awarded costs as prevailing party;

(6)      That Plaintiff be awarded interest as allowable by law;

(7)      That Plaintiff be awarded all pre-judgment interest allowed by law; and

(8)      For such other and further relief as the court may deem just and appropriate.

Dated:  May 19, 2022                                    LAW OFFICE OF IRA LESHIN

                                                                      By:   /s/ Ira Leshin

                                                                      IRA LESHIN

First Amended Complaint for Damages          11

# Exhibit A



**FILED**

AUG 17 2020

2020-055

Birgitta E. Corsello, Clerk of
the Board of Supervisors of
the County of Solano, State of California
Deputy: _____

## SOLANO COUNTY CLAIM FOR DAMAGES

This claim must be filed with the Clerk of the Board of Supervisors within 6 months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. When claim is complete, mail to: Board of Supervisors, County of Solano, 675 Texas Street, Suite 6500, Fairfield, CA 94533-6342.

**Claimant**

Name: **Eliesa Rene Brown**
Address: **122 Sheffield Lane**
**Fairfield, California 94533**
Telephone No.: **(707) 450-5199**
Date of Birth: **07/20/1964**

1.  Person to whom claimant desired notices to be sent if other than above:

    Name _____    Telephone No. _____

    Address _____

2.  Date, place, and time of occurrence or transaction which gives rise to this claim:
    Date: **02/19/2020-02/27/2020**          Time: **11:30 a.m.**
    Place: **Solano County Health & Social Services 2201 Courage Drive, Fairfield, California 94533**

3.  Specify the particular act or omission and circumstances you believe caused injury and/or damage:

    I went to the clinic with systems of shortness of breath (SOB), an ear infection & a cyst.During my visit the provider flushed my ear,but did "not" treat my shortness of breath(sob). I requested a Referral Authorization Form( RAF) for an Ear Nose & Throat Specialist and a chest Computerized Tommography (CT) Scan which was rejected .
    Instead the provider ordered a sexual transmitted disease & drug panel  & blood work     laboratory tests without my permission even after being informed that I was not sexualy active. However,due to the untreated (SOB),I was rushed via ambulance to the E.R. at Vacavalley Hospital & hospitilized with Chronic respiratory failure/ w hypoxia .    I feel the provider has discriminated against me based on my race.

4.  Name (s) of any employee of Solano County you believe caused the injury, damage of loss:

    Sharon L. Collins NP
    _____
    _____
    _____

5.  Description of property damaged:
    n/a
    _____
    _____
    _____

6.   Owner of property damaged: n/a
     Present location of damaged property: n/a

7.   Description of personal injury, if any: Lung damage,unable to walk long distance without oxygen
     Needing help from others to do normal daily chores (caregiver)depression, anxiety, life activities limited.
     including, rehabilitation cerebral hypoxic-Anoxic brain injuries due to lack of oxygen and other long term injuri
     such as  tachycardia including death.

8.   Is there any other person with property damage or personal injury: No
     Name and address of other person:

9.   Names, addresses, and telephone numbers of witnesses, doctors, hospitals, etc.
     (1) Partnership Healthplan of California, Grievance Department @ 1800-863-4155,Deidra case no# 32144
     (2) NorthBay Healthcare, Vacavally Hospital 1000 Nut Tree Road, Vacaville CA. 95887 @(707) 624-7000  including E.R.
     (3) NorthBay Healthcare Center for Specialty Care ,Pulmonary Function Study  1860 Pennsylvania Ave. Ste.200 FF, CA. (707)646-4180

10.  Amount claimed as damages with computation and supporting bills, receipts, or estimates
     of cost (please attach copies of documents to this claim).
     Estimate: (1) medical 100.000,(2) pain &suffering $500.000, (3) loss earning &lost opportunity $250.000
     punitive/discrimination $ 150.000
     Total Estimated damages $ 1,000,000.

11.  Any additional information that you believe might be helpful in considering claims:
     On 06/17/2020, I filed a grievance with Partnership Health Plan of California, regarding the experience with the services provided
     by the office of Solano County Health Service, Fairfield. with Sharon Collins NP.Case of 32144 CIN# 93080644A2, it was discovered the
     standard of care was violated & discriminatory and is currently an ongoing investigation.

**WARNING:  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM**
**(PENAL CODE 72: INSURANCE COD 556)**

I have read the matters and statements made in the above claim and I know the same to be
true of my own knowledge, except as to those matters stated upon information or belief,
and as to such matters I believe the same to be true. I certify under penalty of perjury that
the foregoing is true and correct.

SIGNED THIS  14  DAY OF August                    , 2020 AT  Fairfield                        , CA

_Eliesa Brown_
CLAIMANT'S SIGNATURE
(Original Signature - BLUE)

# Exhibit B

County of Solano
675 Texas Street
Fairfield, CA 94533

---

September 21, 2020


Eliesa Rene Brown
122 Sheffield Lane
Fairfield, CA 94533

RE:    **Claim of Eliesa Rene Brown**
DOL: 2-19-2020


NOTICE IS HEREBY GIVEN that the claim for damages you presented to the COUNTY OF SOLANO on August 17, 2020 was rejected September 21, 2020.


**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

As allowed by California Code of Civil Procedure Sections 128.5 and 1038, the COUNTY OF SOLANO will seek to recover all incurred costs and attorney fees from you and your attorney should you ultimately serve the COUNTY OF SOLANO with a lawsuit and it is later determined the suit was not brought in good faith or on reasonable grounds. If you feel you must name the COUNTY OF SOLANO in the lawsuit to protect yourself, we urge you not to serve the COUNTY OF SOLANO with a summons and complaint until you are certain there is a justiciable controversy with the COUNTY OF SOLANO.

Very truly yours,

*Dan Lamb*

Dan Lamb, Adjuster
Sedgwick
Email: Dan.Lamb@Sedgwick.com
Phone: 209.795.0742

## PROOF OF SERVICE BY MAIL

I, the undersigned say:

I am now and at all times herein mentioned have been over the age of 18 years, not a party to the within cause or claim, and am employed by Sedgwick, State of California. My business address is 475 14th Street, Suite 600, Oakland, CA, 94612. I am readily familiar with this agency's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the attached letter to claimant by placing the original in an envelope addressed to:

**Eliesa Rene Brown**
**122 Sheffield Lane**
**Fairfield, CA 94533**

which envelope was then sealed and, with postage fully prepaid thereon, was on **September 18, 2020** placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at Oakland, California on the above referenced date in the ordinary course of business; there is a delivery service by mail at the place so addressed.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on **September 21, 2020**.

LINDA DEL VIGNA
_____
Type or Print Name

_____
Signature