1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Eliesa Rene Brown,                           No. 2:21-cv-01045-KJM-AC

12                            Plaintiffs,           ORDER

13          v.

14    County of Solano, et. al.,

15                            Defendants.

16

17          This matter is before the court on plaintiff Eliesa Rene Brown's motion for leave to file a

18    first amended complaint.  ECF No. 15.  Defendants County of Solano, Fairfield Family Health

19    Services, and Sharon L. Collins have indicated through counsel that they do not oppose the

20    motion, but they have not stipulated to the filing.  *Id.* at 2, 9.  For the reasons set forth below, **the**

21    **motion is granted.**

22    **I.      DISCUSSION**

23          Ms. Brown's action is for medical malpractice.  *See generally* Compl., ECF No. 1.

24    Generally, Ms. Brown alleges a nurse practitioner breached the standard of care by failing to treat

25    her chronic pulmonary obstructive disease.  Compl. ¶¶ 22-27.  Ms. Brown now seeks leave to

26    amend her complaint and name radiologists Cynthia Tan, Christine L. Vetter, Robinson Yu, and

27    Solano Diagnostics Imaging (formerly known as Bay Imaging Consultants) as defendants in place

28    of DOES 1, 2, 3, 4.  Mot. at 2.

1

1    When a party seeks to amend its complaint after a Rule 16 scheduling order has been

2  issued, as is the case here, the court must first consider whether to amend that scheduling order.

3  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also Johnson v. St.*

4  *Mary*, No. 06-0508, 2007 WL 1100507, at *1 (E.D. Cal. Apr. 11, 2007) ("[A]pplying *Johnson* [*v.*

5  *Mammoth Recreations*] . . . once the district court has filed a pretrial scheduling order pursuant to

6  Federal Rule of Civil Procedure 16, a motion to amend the pleadings is governed first by Rule

7  16(b), and only secondarily by Rule 15(a)."), *findings and recommendations adopted*, 2007 WL

8  1365400 (E.D. Cal. May 9, 2007).  Under Rule 16(b)(4), a movant must demonstrate "good

9  cause" to amend a scheduling order.  *Mammoth*, 975 F.2d at 608.  "The 'good cause' standard

10 'focuses on the diligence of the party seeking amendment.'"  *St. Mary*, 2007 WL 1100507, at *1.

11 "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court

12 to create a workable Rule 16 order; whether matters that were not, and could not have been,

13 foreseeable at the time of the scheduling conference caused the need for amendment; and whether

14 the movant was diligent in seeking amendment once the need to amend became apparent."  *Id*.

15    Here, plaintiff's request for leave to modify the scheduling order is supported by good

16 cause under Rule 16(b).  Her proposed amendment incorporates what she learned between March

17 and May of 2022, and she filed this motion without delay.  Mot. at 3.  Defendants have not argued

18 otherwise.

19    If a party shows good cause to amend the scheduling order, it must next show the

20 complaint may be amended under Rule 15.  *See Mammoth*, 975 F.2d at 608.  Rule 15(a)(2)

21 provides, "The court should freely give [leave to amend] when justice so requires," and the Ninth

22 Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Props., Inc. v. Mobil Oil*

23 *Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  When a court considers a motion to amend, it "must be

24 guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on

25 the pleadings or technicalities."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

26 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  But a district court

27 may deny a request for leave to amend if the amendment would cause the opposing party undue

28 prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

2

1   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Of

2   these factors, prejudice is the focus.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

3   (9th Cir. 2003).  Although new claims against new defendants can impose an "acute threat of

4   prejudice," that threat is minimal when the case "is still at the discovery stage with no trial date

5   pending."  *See DCD Programs*, 833 F.2d at 187–88.  The party opposing a request to amend

6   "bears the burden of showing prejudice."  *Id*. at 187.

7        Permitting an amendment here would serve the interests of justice and would promote the

8   resolution of this case on its merits.  None of the relevant factors weighs against an amendment:

9   the court perceives no bad faith, delays, or prejudice; an amendment would not clearly be an

10  exercise in futility; and the plaintiff has not previously amended her complaint.  Defendants do

11  not oppose the motion or offer any arguments contrary to plaintiff's arguments.

12  **II.    CONCLUSION**

13       For this reason, the court **grants plaintiff's motion for leave to amend.**

14       This order resolves ECF No. 15.

15       IT IS SO ORDERED.

16   DATED:  June 23, 2022.

17  _____
    CHIEF UNITED STATES DISTRICT JUDGE

3